## HOSPES *v.* CHICAGO, M. & ST. P. RY. CO.

*(Circuit Court, D. Minnesota. February, 1887.)*

CARRIERS—PASSENGER TRAVELING ON A PASS, INJURED.

> Plaintiff was traveling on a railroad on a free pass, and about to enter a car, when the door was suddenly closed by the porter of the car, with such violence that he was thrown down, and injured his knee. *Held,* the railroad was bound to exercise a high degree of care for the personal safety of plaintiff, though he was traveling on a pass, but there must be reasonable proof of negligence. Proof of the mere fact that plaintiff was injured on the train by the door being shut against him does not, of itself, amount to negligence, where the carriage was gratuitous.[1]

This action is brought to recover damages for personal injury caused by negligence as alleged. The plaintiff is a citizen of the state of Minnesota, and the defendant is a corporation organized under the laws of the state of Wisconsin. The plaintiff was traveling upon a free pass, upon the back of which was printed, substantially, the following indorsement: That the plaintiff accepting this pass, in consideration thereof, agrees that the company shall not be liable for an injury to the person by the negligence of its agents, or otherwise.

Plaintiff testified "that he was passing from the dining car into one of the sleeping cars in company with other persons, all of whom had a right to be in the sleeping car, and that immediately after the rest of the party had passed into the car, he, being the last one to cross the platform, raised his foot to place it upon the threshold of the door, when it was shut with such violence that a blow upon his knee threw him back across the platform of the car, onto the railing, and broke the skin of his knee." He further testified "that, in conversation with the porter of the car, had with him immediately, the porter expressed his regret at having shut the door upon him; and a short time thereafter, in another conversation, stated that it was a wonder that he was not killed, as it

As to the liability of carriers towards those traveling on free passes, see Camden & A. R. Co. v. Bausch, (Pa.) 7 Atl. Rep. 731; Griswold v. New York & N. E. R. Co., (Conn.) 4 Atl. Rep. 261, and note; Waterbury v. New York, C. & H. R. Co., 17 Fed. Rep. note, 674; Agnes v. Milwaukee & N. R. Co , (Wis.) 30 N. W. Rep. 282; Lawson v. Chicago, St. P., M. & O. R. Co., (Wis.) 24 N. W. Rep. 618, and note.

(the door) went like a bullet out of a gun, but that he didn't know that any one else was coming after the rest of the company entered the car, and didn't suppose there was."

When the evidence of the plaintiff closed, the defendant requested the court to instruct the jury that the plaintiff could not recover, for the reason that the carriage was gratuitous, and accepted subject to the conditions indorsed upon the back of the free pass, which request was refused. There was a verdict for defendant, and no exception was taken to the charge of the court. A motion is made by the plaintiff for a new trial, and it is urged that the verdict is contrary to the evidence. The only evidence of negligence is as above stated. It is insisted that the fact that an injury happened to the plaintiff raises a presumption of a want of care, and throws upon the defendant the burden of disproving it, which was not done.

*Clapp & Macartney*, for plaintiff.

*Flandrau, Squires & Cutcheon*, for defendant.

NELSON, J. I shall not dispute the doctrine of the plaintiff's counsel, squarely announced and insisted upon, that the engagement of a railway company, when a carriage for hire exists, is to carry safely, and if an accident occurs, and a passenger is injured thereby, proof of the accident makes out a *prima facie* case against the carrier; but here no contract existed between the plaintiff and the defendant, and the carriage was a gratuity. The duty imposed upon the defendant was to exercise a high degree of care for the personal safety of the plaintiff, so that a jury, in considering the proof of the act which caused the injury to the plaintiff, must also examine into and consider, in connection with the proof of the act, all the surrounding circumstances, and determine whether it was negligence. It is immaterial from which side the circumstances are detailed in the evidence. There must be reasonable proof of negligence upon the part of the defendant, and it is the province of the jury to determine its sufficiency. The rule laid down by the United States supreme court, and cited by counsel for plaintiff, applies to a case of carriage for hire. Proof of the mere fact that the plaintiff was injured on the train by the door being shut against him, without more, does not amount to negligence, if the carriage is gratuitous.

Motion for new trial denied.